JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. LAPIDUS, TRUSTEE, HAROLD LAPIDUS TRUST NO. 1 CREATED UNDER HAROLD LAPIDUS M.D. AND FLORENCE LAPIDUS TRUST NO. 1, U/D/T/ 9/8/82, | Case No.: 2:11-cv-03828-JAK (JCX) |
| Plaintiff, | **SUMMARY JUDGMENT BY THE COURT** |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR37 UNDER THE POOLING AND SERVICING AGREEMENT DATED DECEMBER 1, 2006; MTDS, INC., A CALIFORNIA CORPORATION DBA MERIDIAN TRUST DEED SERVICE; AND DOES 1 THROUGH 20 INCLUSIVE, | |
| Defendants. | |

1

**SUMMARY JUDGMENT BY THE COURT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Motion for Summary Judgment of Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR37 UNDER THE POOLING AND SERVICING AGREEMENT DATED DECEMBER 1, 2006 ("Deutsche Bank") came on regularly for hearing in the above-referenced Court on May 21, 2012 at 8:30 a.m. in Courtroom "750." On July 9, 2012, the Court issued its Minute Order, stating that, although the Court was inclined to grant Deutsche Bank's Motion for Summary Judgment ("MSJ"), the hearing on the MSJ would be continued to September 24, 2012 in order for the Parties to finish exploring settlement. After full consideration of the evidence and the written and oral submissions by the Parties at the time of the May 21, 2012 and the September 24, 2012 hearings, the Court GRANTS the MSJ as prayed, finding that there were no triable issues of material fact.

In particular, the Court holds that Plaintiff cannot establish his Claim for Relief for Violation of the Fair Housing Act as he has failed to show any triable issue of material fact that Deutsche Bank discriminated against Plaintiff in considering Plaintiff's settlement proposal due to Plaintiff's ex-wife's disability. Moreover, the Court holds that Plaintiff cannot establish his Claim for Relief for Violation of the Fair Housing Act Plaintiff as he has failed to show any triable issue of material fact that similarly situated individuals without that disability had similar settlement proposals approved.

Deutsche Bank has met its burden to provide specific facts to show that essential elements of Plaintiff's Claim for Relief for Violation of the Fair Housing Act cannot be established. The Court further holds that Plaintiff failed to meet his burden to provide specific facts to show the existence of a triable issue of material fact.

1  The Court also expunges the Notice of Pendency of Action recorded on or about June 23, 2010 in the official records of the county of Los Angeles as Instrument No. 20100862045.

IT IS THEREFORE ORDERED that Deutsche Bank's MSJ is GRANTED and judgment shall be entered in favor of Defendant Deutsche Bank and against Plaintiff MICHAEL H. LAPIDUS, TRUSTEE, HAROLD LAPIDUS TRUST NO. 1 CREATED UNDER HAROLD LAPIDUS M.D. AND FLORENCE LAPIDUS TRUST NO. 1, U/D/T/ 9/8/82 on the only Claim for Relief for Violation of the Fair Housing Act.

Dated: October 12, 2012

United States District Court Judge

Presented by:

WRIGHT, FINLAY & ZAK, LLP

/s/ Yelena Cayton
Yelena Cayton, Esq.
Attorneys for Defendant,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR37 UNDER THE POOLING AND SERVICING AGREEMENT DATED DECEMBER 1, 2006

**SUMMARY JUDGMENT BY THE COURT**